IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DittoForm Michigan LLC, <br> a Michigan Company, <br><br>     Plaintiff, <br><br> v. <br><br> Jo-Ann Stores, LLC, <br> a Delaware Limited Liability Company, <br> Dittopatterns, LLC a Delaware Limited <br> Liability Company and Subsidiary of <br> Defendant Jo-Ann Stores, LLC <br><br>     Defendants. | Case No.: <br><br><br> **JURY TRIAL REQUESTED** |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

DittoForm Michigan LLC ("Plaintiff"), for its Complaint against Defendant Jo-Ann Stores, LLC and Dittopatterns LLC ("collectively "Defendants"), alleges as follows:

### PARTIES

1. Plaintiff DittoForm Michigan LLC ("Plaintiff") is a Limited Liability Company organized under the laws of Michigan with its principal place of business at 1642 E. 11 Mile Road, Madison Heights, Michigan, 48071.

2. On information and belief, Defendant Jo-Ann Stores, LLC, is a Delaware Limited Liability Company operating in the State of Michigan that

transacts and engages in continuous and systematic business and business relationships in the State of Michigan and Eastern District of Michigan with its resident agent listed with the Delaware Department of State Corporations Division as The Corporation Trust Company located at Corporation Trust Center 1209 Orange St, Wilmington, DE, 19801 and its principal place of business located at 5555 Darrow Road, Hudson, Ohio, 44236.

3.     On information and belief, Defendant DittoPatterns LLC is a subsidiary of Defendant Jo-Ann Stores, LLC that Defendant Jo-Ann Stores LLC has the right and ability to supervise, direct, and control. On information and belief DittoPatterns LLC has received a license from its parent Jo-Ann Stores, LLC for use of the Ditto Mark described throughout this complaint. Upon information and belief, Defendant DittoPatterns. LLC is a Delaware Limited Liability Company operating in the State of Michigan that transacts and engages in continuous and systematic business and business relationships in the State of Michigan and Eastern District of Michigan with its resident agent listed with the Delaware Department of State Corporations Division as The Corporation Trust Company located at Corporation Trust Center 1209 Orange St, Wilmington, DE, 19801 and its principal place of business located at 5555 Darrow Road, Hudson, Ohio, 44236. Defendants are, therefore, subject to liability for the wrongful conduct alleged herein based on their direct acts or under principals of secondary liability, including without limitation, respondeat superior,

vicarious liability, and/or contributory infringement.

## JURISDICTION AND VENUE

4.     This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051 et seq., and Michigan statutory and common law.

5.     This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §§ 1121 and 1125, 28 U.S.C. §§ 1331 and 1338(a) and (b) because it involves an action arising under the Lanham Act.

6.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over state law claims set forth herein because those claims are so related to the claims arising under federal law that they form part of the same case or controversy.

7.     This Court has personal jurisdiction over Defendants because Defendants reside and continuously and systematically conduct business in the State of Michigan and specifically target the residents of the State of Michigan. Defendants further operate a website www.dittopatterns.com through which Defendants market and sell the goods at issue throughout the United States, including this judicial district, markets and sell their goods in this judicial district, and otherwise directs their marketing, advertising, and business to customers and potential customers in this judicial district thought the stream of commerce, and Defendants have caused harm in this judicial district.

8.     Venue is proper in this District under 28 U.S.C. § 1391(b) because

Defendants reside and conduct business in Michigan in this judicial district and a substantial part of the activities giving rise to the claims alleged herein occurred in this district.

## NATURE OF THE CASE

9.      Plaintiff brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its family of trademarks and trade names comprising the term "DITTOFORM", which Plaintiff has used for many years in connection with its sale of custom dress forms/mannequins designed for use in sewing projects.

10.     Plaintiff has used in commerce the DITTOFORM trade name and trademark on or in connection with its custom dress forms/mannequins from 3D digital scans designed for use in sewing projects in the State of Michigan and throughout the United States for over 9 years, since at least as early as 2014, and thus has developed strong enforceable rights in the DITTOFORM word mark.

11.     As described more fully below, without authorization or consent and with knowledge of the prior rights of Plaintiff in Plaintiff's federally-registered marks, Defendants have commenced use of the trademark and trade name Ditto (hereinafter "Ditto Mark") in connection with its sale of digital projectors for projecting sewing patterns onto a work surface for subsequent tracing and cutting of fabric. Defendants' use of the Mark is likely to lead consumers to incorrectly believe

that Defendants or their goods and/or services are authorized by, sponsored by or

affiliated with Plaintiff and its well-known marks and goods.    Defendants' use of

the trademark and trade name DITTO infringes Plaintiff's rights in its Ditto mark,

and should therefore be enjoined. (*See below and attached* <u>Exhibit A</u>, depicting

Defendants' confusingly similar advertising, and *see below and attached* <u>Exhibit B</u>,

depicting Plaintiff's advertising.

### <u>JO-ANN STORES WEBSITE</u>





## DITTOFORM WEBSITE & FACEBOOK PAGE





12.     As is clearly visible from the aforementioned images, Defendants' use of the Mark is confusingly similar to Plaintiff's DittoForm Mark as Defendants' use is likely to lead consumers to incorrectly believe that Defendants or their services and/or goods are authorized by, sponsored by or affiliated with Plaintiff and its well-known marks and goods.

## **COMMON ALLEGATIONS**

13.     Long prior to Defendants adoption or use of the Ditto Mark, Plaintiff commenced use of its DittoForm mark in connection with its goods, namely mannequins that were customized to individual customers forms designed for use in sewing projects.

14.    Plaintiff has registered the following DittoForm mark:

| Mark | Registration No. | Registration Date | Goods and Services |
| --- | --- | --- | --- |
| DittoForm | 6006756 | March 10, 2020 | Mannequins |

Copies of the registration records for Plaintiff's DittoForm Mark is attached hereto as Exhibit C.

15.    Over the years, Plaintiff has invested substantial time, effort and resources in promoting and marketing its marks under and in connection with Plaintiff's DittoForm Mark. For example, Plaintiff has promoted and marketed its services in connection with its DittoForm Mark in print, social media, tradeshows, expositions and in other ways customary in the sewing industry. Plaintiff maintains and has maintained a website for its services at www.dittoform.com.

16.    As a result of the continuous and extensive use of the DittoForm Mark by Plaintiff in connection with its goods, the DittoForm Mark has developed considerable customer recognition.   Indeed, marks using the term DittoForm have come to be recognized by customers as identifying and distinguishing Plaintiff's services alone. The DittoForm Mark thus has acquired a further distinctiveness and secondary meaning signifying Plaintiff. Plaintiff has cultivated, and now Plaintiff owns, considerable and valuable goodwill in and symbolized by the DittoForm Mark.

17.    This consumer goodwill and recognition constitute Plaintiff's most

valuable assets.    Accordingly, the integrity of Plaintiff's DittoForm Mark is extremely important to Plaintiff and crucial to the continued vitality and growth of Plaintiff's business.

18.    Plaintiff has spent, and continues to spend, significant amounts of money and capital resources constituting substantial investment to register and promote its DittoForm mark, and to ensure their proper use and enjoin unlicensed and inappropriate uses.

## DEFENDANTS' INFRINGEMENT

19.    On information and belief, and long after Plaintiff began its extensive promotion and use of its DittoForm Mark in connection with its services and obtained a federal registration for its DittoForm Mark, Defendants began promoting its services online at www.dittopatterns.com under the name "ditto."

20.    On March 3, 2023, Defendants and Plaintiff attended the Sewing & Stitchery Expo in Puyallup Washington. At the Sewing & Stitchery Expo, Plaintiff displayed its DittoForm Mark and Defendant Displayed the Ditto mark. As is clearly visible from the attached images from the Expo, Defendants' use of the Ditto mark in the same marketing channels is confusingly similar to Plaintiff's DittoForm mark as Defendants' use is likely to lead consumers to incorrectly believe that Defendants or their services and/or goods are authorized by, sponsored by or affiliated with Plaintiff and its well-known marks and goods. *See* Exhibit D *pictures from Expo.*

21.     Upon discovering Defendants' use of the ditto Mark, Plaintiff demanded that Defendants cease use of the designation ditto as such use is likely to cause consumer confusion with Plaintiff and the services it offers under and in connection with its DittoForm Mark. Plaintiff, through its attorneys, has made written demand that Defendants cease and desist further infringement. *See* <u>Exhibit E</u> attached hereto.   Defendants however have refused to cease selling its ditto-branded goods and continues to maintain its online website <u>www.dittopatterns.com</u>.

22.     On April 3, 2023 counsel for Defendant Jo-Ann Stores, LLC sent a response to the demand letter claiming that "there was no risk of marketplace confusion" and would "not be ceasing use of its DITTO" Mark. See <u>Exhibit F</u> attached hereto.

23.     Pursuant to 15 U.S.C. § 1072, Defendants had constructive knowledge of Plaintiff's federally-registered DittoForm Mark prior to Defendants' unauthorized use of the Ditto Mark, which is confusingly similar to Plaintiff's registered DITTOFORM Mark.

24.     In addition, on information and belief, Defendant had actual knowledge of the longstanding use and ownership of its DittoForm Mark by Plaintiff.   Thus, Defendants knowingly and willfully adopted, used and continues to use a mark confusingly similar to Plaintiff's DittoForm Mark with constructive and actual

knowledge of Plaintiff's DittoForm Mark.

25.    In light of Defendants' use of the Ditto Mark in connection with similar services as those offered for many years by Plaintiff under its federally-registered DittoForm Mark, as well as Defendants' refusal to respond to Plaintiff's demand to cease and desist, Plaintiff has no choice but to protect its rights in its valuable DittoForm Mark through this action.

**COUNT I**
**FEDERAL SERVICE MARK INFRINGEMENT**
**15 U. S.C. § 1114(1)(a))**

26.    Plaintiff realleges and incorporates herein paragraphs 1 through 25 of this complaint.

27.    Defendants' aforesaid use of the Ditto Mark is without Plaintiff's authorization or consent.

28.    Defendants' unauthorized use of the Ditto Mark in connection with their sale of digital projectors for projecting sewing patters onto a work surface for subsequent tracing and cutting of fabric is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants or their goods with Plaintiff and its federally-registered DittoForm Mark in violation of 15 U.S.C. § 1114(1)(a).

29.    Defendants' unauthorized conduct has deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its sale of goods

provided in connection with Plaintiff's DittoForm Mark, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendants, over whom Plaintiff has no control.

30.     As a result of Defendants' wrongful conduct, Plaintiff is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117 (a) and (b). Alternatively, Plaintiff is entitled to statutory damages under 15 U.S.C. § 1117 (c).

31.     As a result of Defendants' wrongful conduct, Plaintiff has suffered substantial damage and irreparable harm to its DittoForm Mark, constituting an injury for which Plaintiff has no adequate remedy at law, unless this Court enjoins Defendants' conduct, Plaintiff will continue to suffer irreparable harm.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

32.     Plaintiff realleges and incorporates herein paragraphs 1 through 31 of this complaint.

33.     Plaintiff has offered its services to the public under the DittoForm Mark since long prior to any acts of Defendants complained of herein.

34.     Plaintiff has continually used its Registered Marks in commerce among the several states of the United States in connection with the sale of custom dress forms/mannequins from 3D digital scans designed for use in sewing projects.

35.   Plaintiff's Registered DittoForm Mark identifies and distinguishes its goods and services from the goods and services of others.

36.   Long prior to any conduct of the Defendants complained of herein, Plaintiff expended money, time and effort in advertising and promoting its custom dress forms/mannequins designed for use in sewing projects under the Registered DittoForm Mark throughout the United States.

37.   By virtue of such sales and marketing efforts, the trademarks of Plaintiff have become associated in the minds of the purchasers and users of their goods and/or services and in the minds of the general public with Plaintiff, and with Plaintiff alone and valuable goodwill has been built up in Plaintiff's Registered DittoForm Mark.

38.   Long after Plaintiff's Registered Marks had become well-known, Defendants commenced to infringe, and continues to infringe, upon the rights of Plaintiff by using the Ditto Mark which is confusingly similar with Plaintiff's Registered DittoForm Mark.

39.   Defendants have engaged in acts of unfair competition by the expectation of sales and promotion of digital projector for projecting sewing patterns onto a work surface for subsequent tracing and cutting of fabric under trademarks and service marks, including the Ditto Mark, which is confusingly similar to Plaintiff's Registered Marks.

40.     Defendants have used the Ditto Mark in promotion and/or advertising and/or sale in commerce of digital projector for projecting sewing patterns onto a work surface for subsequent tracing and cutting of fabric and related products and services.

41.     It is evident from the similarity between Plaintiff's Registered Mark and the Ditto Mark used by Defendants, and from Defendants' advertisements that the Defendants have deliberately and willfully used the Ditto Mark for goods that are substantially similar to Plaintiff's goods in order to trade upon the reputation and goodwill Plaintiff has established in its Registered Mark.

42.     Because of Defendants' deceptive practices, customers are likely to be induced to purchase digital projectors for projecting sewing patterns onto a work surface for subsequent tracing and cutting of fabric and related products and/or services from Defendants in the belief that those goods or services are those of Plaintiff.

43.     Defendant's actions constitute federal unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

44.     As a result of Defendants' wrongful conduct, Plaintiff is entitled to recover its actual damages, Defendants' profits, and treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

45.     Unless enjoined, Defendants' infringement of Plaintiff's Registered

Marks and Defendant's advertising, which includes words and other symbols tending falsely to describe or represent Defendant's goods and services as those of Plaintiff's, and Defendant's injection of such goods and/or services into commerce will result in the loss of distinctiveness of Plaintiff's Registered Marks and the loss of goodwill and reputation attendant thereto.

46.    Plaintiff has no adequate remedy at law.

47.    Unless the Court restrains and enjoins Defendants from such activity, Defendants will persist in the unauthorized use of marks that infringe upon Plaintiff's Registered Mark.

## COUNT III
## FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

48.    Plaintiff realleges and incorporates herein paragraphs 1 through 47 of this complaint.

49.    Defendants' actions complained of herein are likely to cause confusion, mistake or deception among customers as to an affiliation, connection or association of Defendants' sale of goods and/or services with Plaintiff and its DittoForm Mark, and as to the origin, sponsorship or approval of Defendants and their services, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

50.    Defendants' unauthorized conduct has deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its sale of

custom dress forms/mannequins designed for use in sewing projects provided in connection with its DittoForm Mark, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendants, over whom Plaintiff has no control.

51.     Upon information and belief, Defendants have falsely designated the origin of their services and has caused such falsely designated goods to enter into commerce.

52.     Defendants' actions constitute false designation of origin and a false description or representation that the Defendants' services are sponsored by or affiliated with Plaintiff and sold by Plaintiff.

53.     As a result of Defendants' wrongful conduct, Plaintiff is entitled to recover its actual damages, Defendants' profits, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117.

54.     As a result of Defendants' conduct, Plaintiff has suffered substantial damage and irreparable harm to its DittoForm Mark, constituting an injury for which Plaintiff has no adequate remedy at law.   Unless this Court enjoins Defendants' conduct, Plaintiff will continue to suffer irreparable harm.

## COUNT IV
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER MICHIGAN COMMON LAW

55.     Plaintiff realleges and incorporates herein paragraphs 1 through 54 of this complaint.

56.    Defendants' actions described above has been wanton, malicious and in reckless disregard for the trademark rights of Plaintiff thereby deceiving and misleading the public.

57.    Defendants have infringed the DittoForm mark with full knowledge and/or reckless disregard of its common law trademark infringement and unfair competition.

58.    Defendant's use of the Ditto Mark is likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods and/or services.

59.    Defendants' actions as described above constitutes trademark infringement in violation of the common law of the State of Michigan.

60.    Defendants' actions as described above constitute unfair competition as a matter of Michigan common law.

61.    At all times pertinent hereto, Plaintiff and Defendants were engaged in trade or commerce within the State of Michigan.

62.    As a result of Defendants' conduct, Plaintiff will continue to suffer damage to Plaintiff's reputation and loss of business because of consumer confusion as to the origin, sponsorship approval, nature, characteristics, or qualities of Plaintiff's services.

63.    Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's actions.

64.    Plaintiff has no adequate remedy at law for Defendants' unfair competition.

65.    Plaintiff is entitled to damages in an amount to be proven at trial, as well as Plaintiff's attorneys' fees as costs.

**COUNT V**
**VIOLATION OF MICHIGAN UNIFORM TRADE PRACTICES ACT**
**M.C.L. § 445.903**

66.    Plaintiff realleges and incorporates herein paragraphs 1 through 65 of this complaint.

67.    Defendants' below-described acts constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce, in violation of Michigan's Uniform Trade Practices Act, M.C.L. § 445.903, including but not limited to:

a.    Causing a probability of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' products and/or services;

b.    Using deceptive representations in connection with Defendant's products and/or services;

c.    Representing that Defendants' products and/or services have

sponsorship, approval, or characteristics they do not have, including
Plaintiff's sponsorship or approval.

68.     Plaintiff will continue to suffer damage as a result of Defendants'
unfair, unconscionable, or deceptive methods, acts, or practices.

69.     Plaintiff has been, and absent injunctive relief will continue to be,
irreparably harmed by Defendants' actions.

70.     Plaintiff has no adequate remedy at law for Defendants' violation of the
Michigan Uniform Trade Practices Act.

71.     Plaintiff is entitled to damages in an amount to be proven at trial as well
as Plaintiff's attorneys' fees and costs.

### **PRAYER FOR RELIEF**

WHEREFORE, as to all Counts of this Complaint, Plaintiff requests that this
Court enter a judgment in favor of Plaintiff and against Defendant as follows:

a.      Declaring that Defendants have infringed Plaintiff's DittoForm
        Mark and have engaged in deceptive trade practices and unfair
        competition;

b.      Permanently enjoining and restraining Defendants, their agents,
        servants, employees and attorneys, and any other persons in
        active concert or participation with them, and any entity owned
        or controlled in whole or in part by Defendants from:

i.    Using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or Internet domain that is comprised in whole or in part of the term DittoForm, or any term phonetically or otherwise substantially or confusingly similar to Plaintiff's DittoForm Marks;

ii.    Engaging in any other activity constituting unfair competition with Plaintiff or constituting an infringement of any of Plaintiff's trademarks;

iii.    Diluting or tarnishing any of Plaintiff's trademarks;

iv.    Doing any act or thing that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with Plaintiff, or that is likely to injure or damage Plaintiff's name, marks or business;

v.    Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above;

vi.    Permanently enjoining and restraining Defendants, their agents, servants, employees and attorneys, and any other

persons in active concert or participation with them, and any entity owned or controlled in whole or in part by Defendants from registering, using or trafficking any domain names that are identical or confusingly similar to the DittoForm Marks, including but not limited to domain names containing the DittoForm Mark and domain name containing misspelling of the DittoForm Marks; infringing Plaintiff's DittoForm Mark; or assisting, aiding, or abetting any other person or business entity engaging in or performing any of the activities referred to in this paragraph.

vii.   Ordering the forfeiture or cancellation of the infringing domain name www.dittopatterns.com and the transfer of the infringing domain name dittopatterns.com to plaintiff; and

c.   Requiring that Defendant:

i.   Reimburse Plaintiff for all damages it has suffered due to Defendants' acts complained of herein;

ii.   Pay to Plaintiff exemplary damages;

iii.   Pay to Plaintiff their profits pursuant to 15 U.S.C. § 1117

(a);

iv.  Provide an accounting to determine the amount of earnings and profits obtained by Defendants from their wrongful infringement of Plaintiff's Registered Mark and from their other wrongful acts;

v.  Deliver to Plaintiff's counsel for destruction all promotional materials, products, advertisements, signs, brochures, packages, and other printed materials bearing the Ditto Mark or any other marks confusingly similar to Plaintiff's DittoForm Mark and all plates, molds, matrices, screens or other means for making the same that are in their possession or control within (10) days of the entry of the order;

vi.  Reimburse Plaintiff, under 15 U.S.C. § 1117 and 17 U.S.C. § 505, for the costs it has incurred in bringing this action, together with its reasonable attorney fees and disbursements;

vii.  Order that Defendants be required to pay all general, special, actual, and statutory damages which Plaintiff has sustained, or will sustain, as a consequence of Defendants'

unlawful acts, and that such damages be enhanced, doubled, or trebled the maximum amount permitted by law as provided for by 15 U.S.C. § 1117 (b) & (c);

viii.    Order Defendants to pay prejudgment and post judgment interest; and

ix.    Order awarding Plaintiff all damages, trebled, and other remedies permitted by Michigan state law and common law, in an amount to be determined at trial; and

d.    Awarding Plaintiff such other and further relief this Court deems just and equitable.

## **JURY DEMAND**

Under Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issue triable as of right by a jury.

Dated: April 20, 2023             Respectfully submitted,

By:/s/Matthew S. Wood
Matthew S. Wood (P74329)
Jeffrey S. Sherbow (P25324)
LAW OFFICES OF JEFFREY S. SHERBOW PC
2446 Orchard Lake Road
Sylvan Lake MI 48320
Phone: (248) 481-9362
Fax: (248) 481- 9406
jeff@sherbowlaw.com
msw@sherbowlaw.com
*Attorneys for Plaintiff* DittoForm Michigan LLC